When a grant once issues for a tract of vacant land, it becomes the only evidence of title, and we cannot afterwards look further back than the grant. We must admit all antecedent proceedings to have been regular; otherwise we should introduce the practice of invalidating grants by parol testimony. The grant may be suspended and a trial had, where a claimant proceeds to survey and return plats of other land than those he has entered, to the prejudice of another who has entered them; and McDowell should have proceeded this way. As he has not done it, he has slipped his time, and cannot now object to the grant. It seems unjust that he should lose his land by the mistake of the surveyor, who has surveyed the lands entered by him for the lands entered at another place by Dickey, but Dickey by that mistake has lost the land he entered; for it is said that another person has since obtained a grant for it. It is possible that Mr. McDowell might obtain redress in a court of equity, but I am clearly of opinion he has no remedy in this Court. Our courts of law have uniformly decided that whoever obtains the first grant shall be the legal proprietor, *Page 278 
without any regard had to the first entry or survey, and, indeed, without regarding whether there was any entry or not. The Court will not go back to these circumstances.